IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ANDREW BELANGER, JUSTIN PHILLIPS, and CALVIN ZASTROW,<br>Plaintiffs,<br><br>v.<br><br>GRETCHEN WHITMER, in her official capacity as Governor for the State of Michigan, and CITY OF DETROIT,<br>Defendants. | No. _____<br><br><br>**COMPLAINT** |

Plaintiffs Andrew Belanger, Justin Phillips, and Calvin Zastrow (collectively referred to as "Plaintiffs"), by and through undersigned counsel, bring this Complaint against the above-named Defendants, their employees, agents, and successors in office, and in support thereof allege the following upon information and belief:

## INTRODUCTION

1.    This case seeks to protect and vindicate fundamental constitutional rights.  It is a civil rights action brought under the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983, challenging Defendant Whitmer's Executive Order No. 2020-21 as applied to criminalize Plaintiffs' peaceful First Amendment activity on the public sidewalks outside of abortion centers throughout Michigan.

2.    Plaintiffs seek a declaration that the enforcement of Executive Order 2020-21 to prohibit their peaceful First Amendment activity on the public sidewalks outside of abortion centers throughout Michigan violates the First and Fourteenth Amendments as set forth in this Complaint; a temporary and permanent injunction enjoining the challenged enforcement of Executive Order 2020-21 as set forth in this Complaint; an award of nominal damages against the City of Detroit for the past loss of Plaintiff Belanger's constitutional rights as set forth in this

Complaint; and an award of attorney fees and costs pursuant to 42 U.S.C. § 1988, and other applicable laws.

## JURISDICTION AND VENUE

3.     This action arises under the Constitution and laws of the United States. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331 and 1343.

4.     Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202, by Rules 57 and 65 of the Federal Rules of Civil Procedure, by *Ex parte Young*, 209 U.S. 123 (1908), and by the general legal and equitable powers of this Court.

5.     Plaintiff Belanger's claim for nominal damages against Defendant City of Detroit is authorized by 42 U.S.C. § 1983.

6.     Plaintiffs' claim for an award of their reasonable costs of litigation, including attorneys' fees and expenses, is authorized by 42 U.S.C. § 1988 and other applicable law.

7.     Venue is proper under 28 U.S.C. § 1391(b) because the Office of the Governor of Michigan is located in this judicial district and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

## PARTIES

8.     Plaintiffs Belanger, Phillips, and Zastrow are adult citizens of the United States and residents of Michigan.

9.     Plaintiffs are Christians, and they oppose abortion based on their sincerely held religious belief that abortion is an intrinsic evil.  Plaintiffs engage in expressive religious activity on the public sidewalks and other public fora outside of facilities where abortions are committed as part of their religious exercise.

10.     As part of their expressive religious activity, Plaintiffs protest abortion by engaging in prayer, preaching, worship, and holding pro-life signs on the public sidewalks and other public fora adjacent to abortion centers throughout Michigan.

11.     Plaintiffs engage in their expressive religious activity because it is necessary to sustain or protect life.

12.     Defendant Gretchen Whitmer is the Governor of the State of Michigan.

13.     Pursuant to her authority as Governor, Defendant Whitmer issued Executive Order 2020-21.

14.     Defendant Whitmer is sued in her official capacity only.

15.     Defendant City of Detroit (hereinafter "City") is a municipal entity organized and existing under the laws of the State of Michigan.  It is a municipal corporation with the right to sue and be sued.

16.     The City and its officials, including its police officers, are responsible for enforcing local and state laws, including Executive Order 2020-21.

**STATEMENT OF FACTS**

17.     On March 24, 2020, Defendant Whitmer issued Executive Order 2020-21, which is described as a "[t]emporary requirement to suspend activities that are not necessary to sustain or protect life."  A true and correct copy of this order is attached to this Complaint as Exhibit 1 and is found at https://www.michigan.gov/whitmer/0,9309,7-387-90499_90705-522626--,00.html.

18.     By its own terms, Executive Order 2020-21 will remain in effect until April 13, 2020 at 11:59 pm.

19.     A "willful violation" of Executive Order 2020-21 is a misdemeanor.

20.    Executive Order 2020-21, states, in relevant part, the following:

2.  Subject to the exceptions in section 7, all individuals currently living within the State of Michigan are ordered to stay at home or at their place of residence. Subject to the same exceptions, all public and private gatherings of any number of people occurring among persons not part of a single household are prohibited.

3.  All individuals who leave their home or place of residence must adhere to social distancing measures recommended by the Centers for Disease Control and Prevention, including remaining at least six feet from people from outside the individual's household to the extent feasible under the circumstances.

* * *

7.  Exceptions.

a.  Individuals may leave their home or place of residence, and travel as necessary:

1.  To engage in outdoor activity, including walking, hiking, running, cycling, or any other recreational activity consistent with remaining at least six feet from people from outside the individual's household.

* * *

8.  To care for minors, dependents, the elderly, persons with disabilities, or other vulnerable persons.

(Executive Order 2020-21 at Ex. 1).

21.    Due to the outbreak of COVID-19, Plaintiffs are implementing the social distancing measures recommended by the Centers for Disease Control and Prevention, specifically including remaining at least six feet from people on the public sidewalks when engaging in their expressive religious activities.

22.    Following the issuance of Executive Order 2020-21, Defendant Whitmer has refused to order abortion centers in Michigan to close even though abortion is an elective procedure, it is never necessary to protect the life of a mother, and it results in the death of an

unborn child, which is contrary to the stated goal of Executive Order 2020-21 "to sustain or protect life."

23.     In fact, abortion kills more human lives each year in the United States alone than COVID-19 will kill in the entire world during the course of this current pandemic.

24.     Because abortion centers remain open in Michigan during this current pandemic, Plaintiffs are compelled by their consciences to engage in their expressive religious activities on the public sidewalks outside of abortion centers located throughout the State.

25.     On March 31, 2020, Plaintiff Belanger was engaging in expressive religious activity on the public sidewalk outside of the Scotsdale Women's Center, which is an abortion center located in the City.  Plaintiff was preaching, holding a pro-life sign, and practicing social distancing.

26.     While Plaintiff Belanger was engaging in his peaceful expressive activity, eight (8) City police vehicles and fifteen (15) City police officers arrived.  Plaintiff was the only pro-lifer engaging in expressive activity at the time of their arrival.

27.     While the police were present, Plaintiff Phillips and one other pro-lifer arrived at the public sidewalk outside of the abortion center.  During a conversation with the police officers, the officer speaking to the pro-lifers (which included Plaintiffs Belanger and Phillips) stated, "We're here for a violation of a stay at home order by the Governor."  The officers told the pro-lifers that while abortion was "essential" under the Governor's order and thus permitted, the pro-lifers' First Amendment activity was not "essential" and thus unlawful.  The conversation was recorded.

28.     Because Plaintiff Belanger was engaging in his expressive religious activity on the public sidewalk outside of the abortion center, the officers issued him a "State of Michigan

Uniform Law Citation" for allegedly violating Executive Order 2020-21. A true and correct copy of the citation is attached to this Complaint as Exhibit 2.

29. The law violation described in the citation is "emergency powers of governor." The offense was described as "Subject refusing to leave, protesting outside while shutdown is in effect." (*See* Exhibit 2).

30. Plaintiffs Belanger and Phillips are close friends, and they are pro-life companions with Plaintiff Zastrow. Shortly after the police departed, Plaintiff Belanger spoke with Plaintiff Zastrow via a phone call (many pro-lifers are in constant contact with each other to share information and to provide assistance and protection for each other while they are out protesting), warning him that police officers are issuing criminal citations under Executive Order 2020-21 for engaging in peaceful, free speech activity on the public sidewalks outside of abortion centers. Plaintiff Belanger warned many other pro-lifers, and Plaintiff Zastrow echoed the warning as well.

31. Issuing citations under Executive Order 2020-21 for exercising rights protected by the First Amendment punishes and thus chills the exercise of those rights, causing irreparable harm to Plaintiffs and other pro-lifers throughout the State of Michigan.

32. Absent a court order prohibiting the enforcement of Executive Order 2020-21 against Plaintiffs and other pro-lifers engaging in peaceful, free speech activity on public sidewalks and other public areas adjacent to abortion centers in Michigan, irreparable harm to Plaintiffs' First Amendment rights will continue.

### FIRST CLAIM FOR RELIEF

### (Freedom of Speech—First Amendment)

33. Plaintiffs hereby incorporate by reference all stated paragraphs.

34.     By reason of the aforementioned acts, policies, practices, procedures, and/or customs, created, adopted, and enforced under color of state law, Defendants have deprived Plaintiffs of their right to freedom of speech in violation of the Free Speech Clause of the First Amendment as applied to the states and their political subdivisions under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

35.     Defendants' actions, as set forth in this Complaint, injured Plaintiffs in a way likely to chill a person of ordinary firmness from further participation in expressive religious activity.  Plaintiffs' constitutionally protected activity motivated Defendants' adverse actions. Thus, Defendants acted with a retaliatory intent or motive.

36.     Defendants' enforcement of Executive Order 2020-21 to restrict the expressive religious activity of Plaintiffs on the public sidewalks and other public areas adjacent to abortion centers located within Michigan, including within the City, as set forth in this Complaint, violates the Free Speech Clause of the First Amendment.

37.     Executive Order 2020-21 as applied to Plaintiffs' expressive religious activity as set forth in this Complaint violates the First Amendment.

38.     As a direct and proximate result of Defendants' violation of the Free Speech Clause of the First Amendment as set forth in this Complaint, Plaintiffs have suffered irreparable harm, including the loss of their fundamental constitutional rights, entitling them to declaratory and injunctive relief against all Defendants and entitling Plaintiff Belanger to nominal damages against the City.

### SECOND CLAIM FOR RELIEF

### (Free Exercise of Religion—First Amendment)

39.     Plaintiffs hereby incorporate by reference all stated paragraphs.

40.     By reason of the aforementioned acts, policies, practices, procedures, and/or customs, created, adopted, and enforced under color of state law, Defendants have deprived Plaintiffs of their right to religious exercise in violation of the Free Exercise Clause of the First Amendment as applied to the states and their political subdivisions under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

41.     Plaintiffs' expressive religious activity as set forth in this Complaint is protected by both the Free Speech and Free Exercise Clauses of the First Amendment.

42.     As set forth in this Complaint, Defendants' adverse actions against Plaintiffs and other pro-life demonstrators were designed to intimidate and oppress Plaintiffs' pro-life religious expression in violation of the Free Exercise Clause of the First Amendment.

43.     Defendants' enforcement of Executive Order 2020-21 to restrict the expressive religious activity of Plaintiffs on the public sidewalks and other public areas adjacent to abortion centers located within Michigan, including within the City, as set forth in this Complaint, violates the Free Exercise Clause of the First Amendment.

44.     As set forth in the Complaint, Executive Order 2020-21 provides exceptions for individuals who walk, hike, run, or cycle on public sidewalks throughout the State of Michigan, but the order punishes Plaintiffs for using the very same public sidewalks for exercising their constitutional rights.  By granting exceptions for non-religious conduct but punishing similar religiously-motivated conduct, Executive Order 2020-21 violates Plaintiffs' rights protected by the Free Exercise Clause of the First Amendment.

45.     As a direct and proximate result of Defendants' violation of the Free Exercise Clause of the First Amendment as set forth in this Complaint, Plaintiffs have suffered irreparable harm, including the loss of their fundamental constitutional rights, entitling them to declaratory

and injunctive relief against all Defendants and entitling Plaintiff Belanger to nominal damages against the City.

### THIRD CLAIM FOR RELIEF

### (Equal Protection—Fourteenth Amendment)

46.     Plaintiffs hereby incorporate by reference all stated paragraphs.

47.     By reason of the aforementioned acts, policies, practices, procedures, and/or customs, created, adopted, and enforced under color of state law, Defendants have deprived Plaintiffs of the equal protection of the law guaranteed under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

48.     Defendants' enforcement of Executive Order 2020-21 to restrict the expressive religious activity of Plaintiffs on the public sidewalks and other public areas adjacent to abortion centers located within Michigan, including within the City, as set forth in this Complaint, violates the Equal Protection Clause of the Fourteenth Amendment.

49.     By denying Plaintiffs and other pro-lifers access to public fora to engage in their expressive religious activities, as set forth in this Complaint, Defendants have deprived Plaintiffs of the equal protection of the law.

50.     As set forth in the Complaint, Executive Order 2020-21 provides exceptions for individuals who walk, hike, run, or cycle on public sidewalks throughout the State of Michigan, but the order punishes Plaintiffs for using the very same public sidewalks for exercising their constitutional rights.  By granting exceptions for non-religious conduct but punishing similar religiously-motivated conduct, Executive Order 2020-21 violates the Equal Protection Clause of the Fourteenth Amendment.

51.     As a direct and proximate result of Defendants' violation of the equal protection guarantee of the Fourteenth Amendment as set forth in this Complaint, Plaintiffs have suffered irreparable harm, including the loss of their fundamental constitutional rights, entitling them to declaratory and injunctive relief against all Defendants and entitling Plaintiff Belanger to nominal damages against the City.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs ask this Court:

A)     to declare that Defendants violated Plaintiffs' fundamental constitutional rights as set forth in this Complaint;

B)     to enjoin Defendants' enforcement of Executive Order 2020-21 as applied to restrict the expressive religious activity of Plaintiffs on the public sidewalks and other public areas adjacent to abortion centers located within Michigan as set forth in this Complaint;

C)     to award Plaintiff Belanger nominal damages against the City for the past loss of his constitutional rights;

D)     to award Plaintiffs their reasonable attorney fees, costs, and expenses pursuant to 42 U.S.C. § 1988 and other applicable law;

E)     to grant such other and further relief as this Court should find just and proper.

Respectfully submitted,

AMERICAN FREEDOM LAW CENTER

/s/ *Robert J. Muise*
Robert J. Muise, Esq. (P62849)
PO Box 131098
Ann Arbor, Michigan 48113
Tel: (734) 635-3756; Fax: (801) 760-3901
rmuise@americanfreedomlawcenter.org

/s/ *David Yerushalmi*
David Yerushalmi, Esq. (Ariz. Bar No. 009616;
DC Bar No. 978179; Cal. Bar No. 132011;
NY Bar No. 4632568)
1901 Pennsylvania Avenue NW, Suite 201
Washington, D.C. 20006
Tel: (646) 262-0500; Fax: (801) 760-3901
dyerushalmi@americanfreedomlawcenter.org